**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**BILL SCHWARTZ,** *et al.*                                                                          **PLAINTIFFS**

**V.**                                        **5:10CV00160-WRW**

**BAYER CROPSCIENCE, LP,** *et al.*                                                        **DEFENDANTS**

**REMAND ORDER**

Pending is Plaintiffs' Motion to Remand (Doc. No. 20).  Defendants have responded.[1]  A

telephone conference was held on June 9, 2010[2]; then the parties submitted additional briefs.[3]

## I.    BACKGROUND

Plaintiffs' Complaint alleges that the Bayer Defendants[4] ("Bayer") "contaminated commercial

rice supplies consisting of non-genetically modified Arkansas rice and land" with its genetically

modified rice.[5]  Plaintiffs assert that Separate Defendant Riceland Foods, Inc. ("Riceland")—"a

farmer-owned cooperative that provides milling and marketing services to over 9,000 farmers"—was

aware that Bayer had contaminated the rice supply but "suppressed this information . . . until after all

rice farmers had already planted their fields . . . ."[6]  According to Plaintiffs, "Bayer and Riceland

intentionally withheld [the information regarding contamination] . . . so that farmers would plant their

---

[1]Doc. No. 25.

[2]Doc. No. 26.

[3]Doc. Nos. 27, 28.

[4]Bayer CropScience, LP; Bayer CropScience Holding, Inc.; Bayer Corporation; Bayer AG; Bayer BioScience NV.

[5]Doc. No. 10.

[6]*Id.*

crops to the benefit of Riceland and Bayer and to the detriment of the farmers."[7]  As to Riceland,

Plaintiffs assert claims of negligence, negligent undertaking, and fraudulent concealment.[8]

Bayer opposes the Motion to Remand, claiming that Riceland is fraudulently joined, in that

there is no basis in law or fact for Plaintiffs' claims against Riceland.  Bayer points out that (1) no

similar law suit against Riceland has been successful; (2) one Plaintiff,[9] during his deposition, did not

know he was suing Riceland; (3) some Plaintiffs, during their depositions, were unsure of details

regarding Riceland's alleged wrongdoing; and (4) the expert reports do not reference Riceland's

conduct or resulting damages.[10]  Bayer also contends that no Plaintiff can attribute any damages to

Riceland.[11]  Finally, Bayer asserts that Riceland did not learn that any rice was contaminated until

months after Plaintiffs had planted their rice crops in 2006.[12]

## II.    DISCUSSION

### A.    Fraudulent Joinder

Fraudulent joinder exists when a plaintiff files a "frivolous or otherwise illegitimate claim

against a non-diverse defendant solely to prevent removal."[13]  There is no fraudulent joinder "if there is

a 'colorable' cause of action—that is, if the state law *might* impose liability on the resident defendant

---

[7]*Id.*

[8]*Id.*

[9]This is one of six virtually identical cases filed against Defendants in Desha County, Arkansas, and removed to this Court.  Each case has several plaintiffs.

[10]Doc. No. 25.

[11]*Id.*

[12]Bayer points to the sworn testimony of two Riceland executives, who stated that Riceland was first notified of contamination on July 31, 2006.  (Doc. No. 2).  Plaintiffs offer, among other things, reports directed to Riceland in February 2006 showing contamination. (Doc. No. 21).  So this assertion by Bayer is in dispute.

[13]*Filla v. Norfolk Southern Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 2003).

under the facts alleged."[14]   A removing defendant bears the burden of establishing jurisdiction by a preponderance of the evidence.[15]   All doubts about federal jurisdiction must be resolved in favor of remand.[16]

I have reviewed the Motion to Remand under both standards found in our case law—on the face of the complaint, and "piercing the pleadings"[17]—and the result is the same: Bayer has failed to meet its burden of proving that Riceland was fraudulently joined. While Bayer attacks the strength of Plaintiffs' claims against Riceland, liability *might* be imposed under Arkansas law.  The fact that some Plaintiffs, in their depositions, were not exactly sure about Riceland's involvement, or the fact that Riceland was not found liable in previous cases, does not reach the core issue—whether Riceland *might* be held liable on Plaintiffs' claims.

In relying heavily on *In re Genetically Modified Rice Litigation*,[18] a 2009 case from the Eastern District of Missouri, Bayer attempts to "cut too fat of a hog, with too little of a knife."  In *Genetically Modified Rice*, Texas plaintiffs sued the Bayer defendants and a group of related non-diverse defendants, alleging damages from contaminated rice seed.  The court denied the motions to remand because there was no colorable claim against the non-diverse defendants.  This case and *Genetically Modified Rice* are somewhat similar, but there is an important difference: in *Genetically Modified Rice*,

---

[14]*Id.* at 810 (emphasis in original).

[15]*Altimore v. Mount Mercy College*, 420 F.3d 763, 768 (8th Cir. 2005).

[16]*Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007).

[17]Bayer cites the following cases for its argument that the court should look beyond the complaint: *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382 (5th Cir. 2000); *Legg v. Wyeth*, 428 F.3d 1317 (11th Cir. 2005); *Ritchey v.Upjohn Drug Co.*, 139 F.3d 1313 (9th Cir. 1998); and *Grobe v. Vantage Credit Union*, 679 F. Supp. 2d 1020 (E.D. Mo. 2010).  My research has not revealed a clear directive from the Eighth Circuit as to the proper standard for reviewing a motion to remand for fraudulent joinder.

[18]618 F. Supp. 2d. 1047 (E.D. Mo. 2009).

there was no evidence that the plaintiffs had ever purchased rice seed from the non-diverse defendants. In this case, on the other hand, it is undisputed that a cooperative-member relationship existed between Riceland and Plaintiffs.  As noted above, here Plaintiffs *do* allege that Riceland knowingly sold contaminated rice to Plaintiffs, and that Bayer and Riceland intentionally withheld this information for their benefit—to the detriment of Plaintiffs.  "Detriment to Plaintiffs" translated: damages.

While it is left to be seen whether Plaintiffs will succeed against Riceland, it cannot be said that Plaintiffs have presented no colorable cause of action against it.  As indicated above, the fact that a defendant eventually may be found not liable does not affect the fraudulent joinder analysis.

## B.     Appeal of Remand Order

Bayer wants an appellate ruling to clarify the correct standard under which a motion to remand is to be decided.[19]  Of course, in the absence of complete diversity (in a case not involving a federal question), federal courts lack subject matter jurisdiction.[20]  Unfortunately, in my view, the applicable statute provides that an order of remand is "not reviewable on appeal or otherwise,"[21] and the courts have hewed closely to this prohibition, subject to inapplicable exceptions.[22]  The assigned reason for this ban on review is "to spare the parties interruption of the litigation and undue delay in reaching the merits of the dispute, solely to contest a decision disallowing removal."[23]  This leaves the district court as the court of last resort on questions of remand.  It seems to me that this rule is too rigid; but it is the existing law, without question.

---

[19]Doc. No. 27.

[20]*See* 28 U.S.C. § 1332.

[21]28 U.S.C. § 1447(d); *cf.* 28 U.S.C. § 1453(c).

[22]*See, e.g.*, *Carlsbad Technology v. HIF Bio, Inc.*, 129 S.Ct. 1862 (2009).

[23]14C CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 3740, at 952-55 (4th ed. 2009).

**OBITER DICTUM**

Over the years there has been talk of abolishing diversity jurisdiction on the ground that it is no longer needed "in these modern times."  For what it is worth, I disagree; and, as implied above, it seems to me that appeals from remand orders should be permitted in some circumstances.  An arbitrary and clearly erroneous remand order is manifestly unfair—and can have a profound effect on the outcome of the case.  And what taste does it leave in the mouths of litigants and lawyers who are the victims of such an order?

**CONCLUSION**

Whether reviewing the documents on their face or "piercing the pleadings," the result is the same: Bayer has failed to establish that Riceland could not be held liable under Arkansas law.

Based on the findings of fact and conclusions of law above, Plaintiffs' Motion to Remand (Doc. No. 20) is GRANTED—the case is REMANDED to the Circuit Court of Desha County, Arkansas.[24]

IT IS SO ORDERED this 18th day of June, 2010.


__/s/ Wm. R. Wilson, Jr._____
UNITED STATES DISTRICT JUDGE

---

[24]I am impressed with the vigor with which Defendants have pursued their opposition to remand, but I really don't see it as a close question in this particular case.